# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| NAKITA ROBBINS, etc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 23-0349-MU |
| | ) | |
| CONECUH COUNTY, ALABAMA, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Defendant Antonio Smith's Motion for Summary Judgment, which was converted by the Court from the motion to dismiss filed by Defendant Antonio Smith (Docs 118, 121), the supporting brief and evidentiary submissions filed by Smith (Docs. 120, 122), Plaintiff's response and evidentiary submissions in opposition to the motion for summary judgment (Docs. 127, 128), and Smith's reply to Plaintiff's response (Doc. 134). Upon consideration of all relevant filings in this case and the applicable law, the Court finds that Defendant Antonio Smith's motion for summary judgment is due to be granted for the reasons set forth below.

## I. SUMMARY OF PROCEEDINGS

On September 12, 2023, Plaintiff Nakita Robbins, as personal representative of the estate of Cleopha Robbins, filed her initial Complaint in this action against Conecuh County, Alabama, Randy Brock, James Ward, Tyrone Boykin, and Nurse Pam asserting claims against them under § 1983 and the Alabama wrongful death statute arising from the death of Cleofa Robbins, a pretrial detainee who died on September 12, 2021, in his jail cell at the Conecuh County Jail. (Doc. 1). In footnote 1 of her original complaint,

Plaintiff stated she was unaware of Nurse Pam's full name but would make the appropriate substitution when Nurse Pam's identity was revealed. (*Id.*, PageID. 4 n.1). Plaintiff did not name any "Doe" defendants in the original complaint, nor did she reference or include descriptions of any other defendants whom she intended to name once their identities were discovered. *See* Doc. 1. Although she made reference to "Conecuh County jailers" and their conduct in the "Statement of the Facts" portion of the original complaint, she did not assert any claims against any of these "Conecuh County jailers" in any of the counts set forth in her original complaint. *Id.*

Plaintiff filed a Motion for Leave to Amend Complaint with the Amended Complaint attached on December 18, 2023, ninety-seven (97) days after commencement of her action, naming the same defendants but also inserting a footnote stating: "Plaintiff intends to add the unnamed corrections officers and medical staff/personnel as named defendants in this action upon identification of the individuals." (Doc. 25, PageID. 125, n.2). The Court granted Plaintiff's motion on January 30, 2024. (Doc. 23). Plaintiff again named the same defendants and included the same footnote in her Third Amended Complaint, which was filed on September 30, 2024. (Doc. 52, PageID. 337, n.3). She described these unnamed defendants throughout the Third Amended Complaint as "the corrections officers" or "Conecuh County officers" who were "on duty during the relevant time period."

On November 21, 2025, Plaintiff filed her Fourth Amended Complaint ("FAC") (Doc. 89), which is now the operative complaint in this action. In this complaint, Plaintiff names Antonio Smith as a defendant, for the first time, and asserts claims against him under § 1983 and the Alabama wrongful death statute arising from the death of Robbins

2

on September 12, 2021, in his jail cell at the Conecuh County Jail. (*Id.*). Smith filed his motion to dismiss the Fourth Amended Complaint on January 6, 2026, pursuant to Rule 12(b)(6), on the grounds that he is entitled to qualified immunity on the federal claims asserted against him, that he is entitled to jailer immunity on the state law claims, and that all claims are barred by the applicable statute of limitations. (Doc. 105). After considering Smith's motion to dismiss, the Court determined that evidentiary submissions were necessary to determine the potentially dispositive statute of limitations issue; therefore, the Court converted Smith's motion to dismiss on this narrow and sole ground to a motion for summary judgment. (Doc. 118). The Court so notified the parties and gave them each an opportunity to submit evidence and further briefing on this issue. (*Id.*, PageID. 902). They each did so. (Docs. 120, 121, 122, 127, 128, 134).

## II. <u>FINDINGS OF UNDISPUTED MATERIAL FACTS</u>

The undisputed material facts relevant to a determination of the statute of limitations issue in this action are as follows:

Plaintiff's decedent, Cleofa Robbins, suffered a heart attack and passed away on September 12, 2021, while detained at the Conecuh County Jail. (Doc. 89, PageID. 662-63). In the days following Robbins's death, Special Agents from the State Bureau of Investigations interviewed several people concerning the events surrounding his death. (Doc. 127-1). On September 15, 2021, they interviewed Smith about his interactions with Robbins and what he witnessed on the day of his death. (*Id.*, PageID. 990-92). Approximately eleven months later, on August 11, 2022, Smith was terminated from his position as a corrections officer at the Conecuh County Jail for reasons unrelated to

3

Robbins. (Doc. 120-1, PageID. 920; Doc. 120-2, PageID. 924; Doc. 120-3, PageID. 927; Doc. 120-4, PageID. 930; Doc. 120-6, PageID.936.) He had been on leave from his position for several weeks before his termination. (Doc. 120-1, PageID. 920; Doc. 120-7, PageID. 938).

Plaintiff's original Complaint was filed on September 12, 2023, over a year after Smith's termination and two years after Robbins's death. (Doc. 1.) The original Complaint did not name Smith as a defendant, did not name any other corrections officer as a defendant, and did not name any Doe defendants or mention adding any additional defendants. (Doc. 1; *see also* Doc. 118, p. 16). Plaintiff filed her first motion for leave to amend her complaint on December 18, 2023, after the expiration of the statute of limitations for claims against Defendant Smith and 97 days after she filed her original Complaint. (Doc. 118, p. 16; *see also* Doc. 21.) That Amended Complaint indicated, in a footnote, that Plaintiff intended to add unidentified jail employees as defendants: "Plaintiff intends to add the unnamed corrections officers and medical staff/personnel as named defendants in this action upon identification of the individuals." (Doc. 21, p. 4.) No further information was included in the Amended Complaint describing these unnamed officers other than that they were on duty at the Jail and saw Robbins at the relevant times. (Doc. 118, p. 16.) Plaintiff did not file a claim against Smith until she filed her Fourth Amended Complaint ("FAC") on November 21, 2025. (Doc. 89). In the FAC, Plaintiff alleges, in sum, that Antonio Smith was on duty at the Jail at the time of Robbins's death and failed to take appropriate action to prevent his death. (*Id*., PageID. 661-68).

Since his termination in August 2022, Smith has not worked for the Conecuh

4

County Jail, the Sheriff's Office, or Conecuh County in any capacity. (Doc. 120-1, PageID. 920.) Smith never lived in Conecuh County. (*Id*.). In 2023 through the winter of 2024 (including September 2023 to February 2024), he worked in Hope Hull, Alabama, which is in Montgomery County, and lived in Greenville, Alabama, which is in Butler County. (*Id*., PageID. 921). During this time period and specifically within the 120-day period following Plaintiff's filing of her original Complaint, Smith was not contacted by and had no communications with Sheriff Randy Brock, Chief Deputy Tyrone Boykin, Jail Administrator James Ward, Nurse Pamela Merrills, or any other Defendant in this action at any time, nor did he have any communications with any representative, agent, or attorney for any Defendant to this lawsuit. (Doc. 120-1, PageID. 921; Doc. 120-2, PageID. 924-25; Doc. 120-3, PageID. 927-928; Doc. 120-4, PageID. 930-31; Doc. 120-5, PageID. 933-934). Smith was not contacted by and had no communications with any official, employee, or agent of Conecuh County, the Conecuh County Commission, or their insurance administrators, County Risk Services, regarding this matter at any time within 120 days of Plaintiff filing her original Complaint. (Doc. 120-1, PageID. 921). Smith was not contacted by and had no communications with any official, employee, or agent of the Conecuh County Sheriff's Office at any time within 120 days of Plaintiff filing her original Complaint, except for Ieisha Woods, who is a corrections officer at the Conecuh County Jail and is also the mother of Smith's child. (Doc. 120-1, PageID. 921-22; Doc. 120-5, PageID. 933). Woods did not notify Defendant Smith of this pending lawsuit or communicate with Smith about this lawsuit at any time within 120 days of Plaintiff filing her original Complaint. (Doc. 120-1, PageID.921; Doc. 120-5, PageID. 933-934). Woods was not even aware of this lawsuit during the fall of 2023 or

5

winter of 2024. (*Id*.).

Smith first learned that Plaintiff Nakita Robbins had filed a lawsuit concerning the 2021 death of Cleopha Robbins in December of 2025 when he was served with a copy of Plaintiff's Fourth Amended Complaint. (Doc. 120-1, PageID. 921.) The first time anyone contacted Smith about the lawsuit was when his lawyer reached out to him in late December of 2025. (*Id*.).

### III. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) ("[S]ummary judgment is appropriate even if 'some alleged factual dispute' between the parties remains, so long as there is 'no genuine issue of material fact.'") (citation omitted). "An issue of fact is 'material' if it might affect the outcome of the suit under governing law and it is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (internal quotation marks and citations omitted). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of

the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing or pointing out to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

Once the moving party has met its burden, "the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial." *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). This requires the nonmovant to "either point to evidence in the record," *Hammer v. Slater*, 20 F.3d 1137, 1141 (11th Cir. 1994), or "to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *ThyssenKrupp Steel USA, LLC v. United Forming, Inc.*, 926 F. Supp. 2d 1286, 1290 (S.D. Ala. 2013) (citing *Celotex*, 477 U.S. at 324); *see also* Fed. R. Civ. P. 56(e). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)). At the same time, "the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor." *Id*.

The requirement to view the facts in favor of the nonmoving party extends only to "genuine" disputes over material facts. *Garczynski*, 573 F.3d at 1165. "A genuine dispute requires more than 'some metaphysical doubt as to material facts.'" *Id*. (citations

7

omitted). A "mere scintilla" of evidence is insufficient; the nonmoving party must produce substantial evidence to defeat a motion for summary judgment. *Id.* In addition, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). More importantly, where "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## IV.  <u>LEGAL ANALYSIS</u>

The sole issue before the Court on Smith's motion for summary judgment is whether the claims asserted against him in Plaintiff's Fourth Amended Complaint are barred by the statute of limitations. Smith argues that the federal § 1983 claim set forth in Count One and the state law wrongful death claim asserted against him in Count Two, which are the only remaining claims asserted against Smith, are barred by the applicable two-year statute of limitations. Plaintiff counters that the statute of limitations does not bar the claims against Smith because they relate back to the date of the filing of the original complaint. The Court finds that the remaining claims asserted against Smith are untimely and due to be dismissed.

Plaintiff has asserted claims against Smith under § 1983 and under Alabama's wrongful death statute. The statute of limitations for each of these claims is two years. *See Owens v. Okure,* 488 U.S. 235 (1989) (holding that § 1983 actions borrow the statute of limitations from that "most analogous" state statute of limitations); Ala. Code §

6-2-38 (setting two year statute of limitations for personal injury claims, non-contract claims, and other actions for "any injury to the person or rights of another not arising from contract..."); Ala. Code § 6-5-410(d) ("The action must be commenced within two years from and after the death of the testator or intestate."). Plaintiff's claims accrued at the latest on September 12, 2021, the date Robbins passed away. Smith was not added as a defendant until the Fourth Amended Complaint was filed on November 21, 2025, more than four years after Plaintiff's claims accrued and more than two years after the expiration of the statutory limitations period. (Doc. 89). Accordingly, Plaintiff's claims against Smith can only survive if they relate back to the original complaint.

Alabama state law dictates the applicable statute of limitations as to all claims asserted against Smith. The Court notes that there seems to be some inconsistency in the Eleventh Circuit as to whether Alabama Rule of Civil Procedure 15(c) applies in this circumstance or whether Federal Rule of Civil Procedure 15(c) governs. *Compare Estate of West v. Smith,* 9 F.4th 1361, 1366 n.3 (11th Cir. 2021) which held that this Court must look to the Alabama Rules of Civil Procedure to determine if those claims relate back for statute of limitations purposes*, with Lindley v. Birmingham, City of Alabama,* 652 F. App'x 801, 803 (11th Cir. 2016), which held that Federal Rule of Civil Procedure 15(c) governs.

The Alabama state rule and federal rule are substantially the same; however, the one difference between the two is significant in this case. In 2015, Rule 4(m) of the Federal Rules of Civil Procedure was amended to shorten the time period provided for serving a complaint to 90 days from the date the complaint was filed. Accordingly, Federal Rule 15(c)(1) requires that a party brought in by amendment must receive

9

notice of the action within 90 days from the commencement of the action for the claims against that party to relate back to the date of the original pleading, while the Alabama Rule requires that notice be received within 120 days. Here, Plaintiff's motion for leave to file an amended complaint, which was the first indication that Plaintiff intended to sue individual jailers, was filed 97 days after commencement of the action.

## A. Application of Federal Rule 15(c)

Rule 15(c)(1) of the Federal Rules of Civil Procedure provides:

An amendment of a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set forth or attempted to be set out – or attempted to be set out - in the original pleading, or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m).

Plaintiff's original complaint (Doc. 1) was filed on September 12, 2023, the last date that the action could be filed to meet the statute of limitations. Both the style of her action and the body of the complaint named only Conecuh County, Alabama, Randy

10

Brock, James Ward, Tyrone Boykin, and Nurse Pam as defendants and asserted claims only against these defendants. Plaintiff did not mention, reference, or demonstrate any intent at the time of filing the original complaint to add any additional parties, including Smith or any other correctional officer, to her action. *See* Doc. 1. The Court finds that the original complaint on its face did not give Smith or any other correctional officer notice of the action.

Based on the evidence in the record, the first notice that any defendant received to indicate that additional correctional officer defendants would potentially be added to Plaintiff's action was a footnote in the Amended Complaint, which was attached to Plaintiff's motion for leave to amend her complaint filed on December 18, 2023, after the expiration of the statutory limitations period and 97 days after she filed her original complaint. (Doc. 21). The Amended Complaint named the same defendants as the original complaint but also included a footnote: "Plaintiff intends to add the unnamed corrections officers and medical staff/personnel as named defendants in this action upon identification of the individuals." No further information was included in the body of the complaint describing these unnamed corrections officers, except for vague statements referring to correctional officers or jailers who were on duty at the Jail and saw Robbins during the relevant time. (Doc. 25, PageID. 125, n.2). Because counsel's statements are not evidence, there is no record evidence supporting a finding that Smith had notice that he would be added as a defendant to Plaintiff's action within 90 days of the filing of the original complaint. Indeed, the evidence in the record unequivocally shows that Smith did not have notice of Plaintiff's action until December of 2025. *See supra* at pp. 4-6. Accordingly, under Rule 15(c) of the Federal Rules of Civil Procedure

11

the amendment naming Smith as a defendant does not relate back to the date of the filing of the original complaint.

## B. <u>Application of Alabama Rule 15(c)</u>

Rule 15(c) of the Alabama Rules of Civil Procedure provides:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13(c) for counterclaims maturing or acquired after pleading, or
>
> (3) the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, or
>
> (4) relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).

Ala. R. Civ. P. 15(c). Rule 15(c)(1) is inapplicable here as the laws that provide the applicable statute of limitations for each of Plaintiff's claims do not speak to relation back. Accordingly, for Plaintiff's claims against Smith to relate back, pursuant to the Alabama Rules of Civil Procedure, one of the other provisions set forth in Rule 15(c) must be met.

In *Estate of West*, the Eleventh Circuit discussed the applicability of Rule 15(c)(4) and its interplay with Rule 9(h):

12

Alabama Rule of Civil Procedure 9(h) allows fictitious party pleading "[w]hen a party is ignorant of the name of an opposing party and so alleges in the party's pleading," but "when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name." Additionally, Alabama Rule 15(c)(4) says that "an amendment of a pleading relates back to the date of the original pleading when ... relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)." The Supreme Court of Alabama has discussed the interaction of these two provisions:

> Rules 9(h) and 15(c), Ala. R. Civ. P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. ***Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant*** and stated a claim against such a defendant. In order for the substitution to relate back the plaintiff must show that he was ignorant of the true identity of the defendant and that he used due diligence in attempting to discover it.

*Jones v. Resorcon, Inc*., 604 So. 2d 370, 372-73 (Ala. 1992). Thus, under Alabama law, an amended complaint substituting named defendants for fictitious defendants relates back when: (1) the original complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity. *Saxton v. ACF Indus., Inc*., 254 F.3d 959, 965 (11th Cir. 2001) (citing *Jones,* 604 So. 2d at 372-73).

9 F.4th at 1366 n.3 (emphasis added).[1]

While Rule 15(c)(4) seems, at first glance, to afford Plaintiff an avenue to extend relation back to the claims asserted against Smith, a review of the original complaint creates a block to this avenue. Plaintiff simply did not name any Doe-type defendants in

---

[1] The Court notes that, while fictitious party practice is generally not allowed in federal court, the Eleventh Circuit has made a limited exception in cases in which the description of the fictitious party is so specific as to be "at the very worst, surplusage." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992)).

her original complaint. (Doc. 1). As discussed above, both the style of her action and the body of the complaint named only Conecuh County, Alabama, Randy Brock, James Ward, Tyrone Boykin, and Nurse Pam as defendants and asserted claims only against these defendants. Plaintiff did not mention, reference, or demonstrate any intent at the time of filing the original complaint to add Smith or any other correctional officer as a defendant to her action. *See* Doc. 1. The fact that actions or inaction by correctional officers was recited in the statement of facts in the original complaint is not enough to give anyone notice of an intent to add the correctional officers as defendants at a later date, particularly when the complaint was filed on the last day of the limitations period. Accordingly, Rule 15(c)(4) of the Alabama Rules of Civil Procedure does not apply here.

Therefore, Plaintiff's claims against Smith will only relate back to the original complaint if the requirements of Rule 15(c)(3) have been met. First, Rule 15(c)(3) requires that the provision set forth in Rule 15(c)(2) must be satisfied. In this case, it has been satisfied because the claims asserted against Smith in the Fourth Amended Complaint "arose out of the conduct, transaction, or occurrence" alleged in the original complaint. Thus, the issue here is whether, within 120 days of the filing of the original complaint; this is, or on or before January 10, 2023, Smith "received such notice of the **institution of the action** that [he] will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning [his] identity ..., the action would have been brought against [him]...." Ala. R. Civ. P. 15(c)(3) (emphasis added).

Based on the record before the Court, the first notice that anyone received indicating that additional correctional officer defendants would potentially be added to

14

Plaintiff's action was a footnote in the Amended Complaint, which was attached to Plaintiff's motion for leave to amend her complaint that was filed on December 18, 2023, after the expiration of the statutory limitations period, but within the 120-day period. (Doc. 21). The Amended Complaint named the same defendants as the original complaint but also included a footnote stating: "Plaintiff intends to add the unnamed corrections officers and medical staff/personnel as named defendants in this action upon identification of the individuals." (Doc. 25, PageID. 125, n.2). The conduct attributed to the unnamed corrections officers was summarily mentioned in the factual statement sections of the original and amended complaints. The motion to amend and the Amended Complaint were served upon counsel for the County, Brock, Ward, and Boykin via the CM/ECF system. *See* Doc. 21. Nurse Pam had not yet been formally served with the original complaint and had not appeared in the action; therefore, she was not served with the Amended Complaint, and there is no indication in the record that anyone else was provided with notice of the amended complaint. *See* Docket Sheet.

In a similar vein, there is nothing in the complaint that alleges or indicates that Smith was aware of this action having been filed or even potentially being filed. Nor is there anything in the record that supports such a finding. Instead, as discussed above, the evidence in the record shows that Smith did not receive notice until he was served with the FAC in December of 2025, which was well beyond the 120-day period. The Court finds that the fact that Smith was interviewed by state investigators several days after Robbins's death in 2021 does not support a finding that he had knowledge of or should have known he would be added as a defendant in a private civil lawsuit in 2025.

Accordingly, the claims asserted against Smith are not saved by Rule 15(c) of the Alabama Rules of Civil Procedure either.

## C. Constructive Notice

To complete its analysis of the relation back issue, the Court has also considered whether Smith could be deemed to have constructive notice of the claim against him and, if so, whether such constructive notice was received within the 120-day period. Neither party has cited a case that conclusively answers that question with binding authority, nor has the Court found a case directly on point. In *Lindley v. Taylor,* No. 2:10-cv-0141-SLB, 2015 WL 1293224, at *7-8 (N.D. Ala. Mar. 23, 2015), the district court was faced with a substantially similar issue in which the plaintiff argued that the late added correctional officer defendants shared an "identity of interest" with the defendants named in the original complaint and therefore should have been deemed to have received timely notice. Addressing this issue, the court provided this summary and analysis:

> Notice based on "identity of interest" stems from a recognition that "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 374 n.8 (5th Cir. 2010) (quoting *Kirk v. Cronvich,* 629 F.2d 404, 408 n.4 (5th Cir. 1980) [overruled on other grounds] (in turn quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 1499 (1972))). Therefore, when a sheriff's office is sued, the sheriff himself shares an "identity of interest" with his office such that notice of the suit passes interchangeably between them. *See Kirk,* 629 F.2d at 408.
>
> But that is not necessarily so for all the sheriff's deputies. In *Garvin v. City of Philadelphia*, 354 F.3d 215 (3d Cir. 2003), where the plaintiff sued the city and "Police Officer John Doe," the Third Circuit stated that "absent other circumstances that permit the inference that notice was actually received, a non-management employee ... does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes." *Id.*

at 225 (quoting *Singletary v. Pennyslvania Dep't of Corrs.,* 266 F.3d 186, 200 (3d Cir. 2001)) (internal quotations omitted). In some tension with this point is *Jacobsen v. Osborne,* 133 F.3d 315, 320 (5th Cir. 1998), where the Fifth Circuit: (a) found that "there was a sufficient identity of interest between the newly-named [police] officers" and the originally-named defendants, the city and one "Officer Osborne," to infer notice; and (2) "presume[ed]" that the initial city attorney "investigated the allegations, thus giving the newly-named officers ... notice of the action." *Id.* at 320; *but see Garvin*, 354 F.3d at 227 ("[W]e [have] specifically distanced our court from [the aspect of *Jacobsen* that seemingly combines the analysis of identity of interest and shared attorney].").

The court is persuaded that the distinction between management and non-management employees is important in the identity of interest analysis in this case. The difference is one of responsibility for another: an employee "highly ... placed in the [organization's] hierarchy," *Gavin*, 354 F.3d at 227, is responsible in many ways for the well-being of the organization. Thus, a court may presume that the higher-up is knowledgeable about business affecting the entire organization. That is not so easily said of non-management employees, who, while certainly having some general stake in the well-being of the organization, are not necessarily looking out for any interest other than their own. So while the sheriff must share an identity of interest with the sheriff's office, a brand new deputy, one of fifty, say, does not share that same identity with the office of the sheriff, *or an identity with any other fellow deputy.* [emphasis in original].

On this point in this case, then, this court parts ways with the court in *Jacobsen*. Here, while Davis [the Chief of the Birmingham City Jail] might share an identity of interest with "City of Birmingham Jail" originally sued, Sergeant Moton, one of thirteen sergeants Davis oversaw ... does not; nor do the other remaining defendants, ... the three correctional officers, share an identity of interest with the (last-name-only) correctional officers originally sued.

*            *            *

For the other defendants, [those not named by position and first or last name in the original complaint], it is more appropriate to follow the rule that a "plaintiff must show ... some communication or relationship between the shared attorney and the [unnamed] defendant prior to the expiration of the 120-day period." *Garvin v. City of Philadelphia*, 354 F.3d 215, 225 (3d Cir. 2003) (internal quotations omitted)). ... [T]he shared attorney relationship or communication must arise "prior to the expiration of the 120-day period after the filing of the suit." *Id.* And there is no evidence in the record that this showing could be met here. The mere fact of shared representation later is not enough; some evidence of actual

17

communication or relationship within the 120-day period is required....

Because plaintiff has not shown that [the newly added] defendants "received such notice within the time period of Rule 4(m), 120 days" of the filing of the original complaint, and "knew or should have known [within the [120-day] time period] that the action would have been brought against [them], but for a mistake concerning the proper party's identity," ... the claims asserted against them in the Amended Complaint do not relate back to the date of the original Complaint and are thus time-barred.

*Lindley,* 2015 WL 1293224, at *7-8.[2]

Here, contrary to Plaintiff's argument, the fact that the allegations in the FAC did not inject a new occurrence into the case and that correctional officers were mentioned in the original complaint does not support a finding that Smith knew about or should have known about Plaintiff's lawsuit. Nor does the fact that the named Defendants knew that Smith was on duty at the jail and had given a statement to state investigators a few days after Robbins's death support a finding that Smith knew about or should have known about Plaintiff's lawsuit when the evidence before the Court shows that Smith had no contact or communications with these Defendants after his termination in August of 2022, more than one year prior to the commencement of this action. Also, the Court notes that Smith is not represented by the same attorneys as the originally named defendants, and, in fact, stated in his affidavit that the first time he was contacted by any attorney was late December of 2025. (Doc. 121-1, PageID. 921). Under these facts and the rationale set forth by the *Lindley* court, this Court finds that Smith, a fairly recently

---

[2] Plaintiff's reliance on the Eleventh Circuit's opinion on the appeal of the *Lindley* action is misplaced as to Smith because the appeal was brought by Nurse Fredia Taylor and addressed only relation back as to her claim. *See Lindley v. Birmingham, City of Alabama,* 652 F. App'x 801 (11th Cir. 2016). The plaintiff in that case did not appeal the district court's dismissal of the late added correctional officers based on its finding that those claims did not relate back.

hired correctional officer, shared no identify of interest with the named defendants, all of whom are supervisory officials, and therefore, the filing of the complaint against those defendants did not impute constructive notice of Plaintiff's lawsuit to Smith.

## D. <u>Request for Discovery Pursuant to Rule 56(d)</u>

In addition, the Court is not swayed by Plaintiff's plea for additional discovery under Rule 56(d). "A non-moving party will not be entitled to invoke the protections of Rule 56(d) where the absence of evidence essential to the party's case is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery in the first instance." *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, Case No. 08-MD-01916-MARRA, etc., 2021 WL 4972740, at *4 (S.D. Fla. Mar. 15, 2021) (citing *Beattie v. Madison Cnty. Sch. Dist*., 254 F.3d 595, 606 (5th Cir. 2001); *Fla. Power & Light Co. v. Allis Chalmers Corp*., 893 F.2d 1313, 1316 (11th Cir. 1990). Plaintiff filed this action in September of 2023, two years after the incident and on the limitations period deadline, then proceeded to file multiple amended complaints in response to Defendants' motions to dismiss, which were based, in part, on insufficiency of the allegations, rather than defending the motions to dismiss. Plaintiff never sought expedited or early discovery to enable her to identify the names of the correctional officers, which is certainly allowed under the federal rules. Moreover, Plaintiff has had more than sufficient time to explore Smith's role and knowledge since the parties Rule 26 meeting in June of 2025 and since being made aware of Smith's statute of limitations defense on January 6, 2026. (Docs. 64, 106). Although Plaintiff's counsel listed a wide range of topics upon which they contend they need discovery to respond to Smith's motion for summary judgment on the limited issue of the statute of

19

limitations, they included no indication that they had affirmatively sought that information since the date the motion to dismiss was filed or the date it was converted to a motion for summary judgment nor that they have scheduled any depositions or sent any additional discovery to further explore those topics. In addition, during the pendency of this motion, Plaintiff has not requested an opportunity to supplement her response with additional evidence that could have been gleaned since she filed her response more than seven weeks ago. Accordingly, Plaintiff's request that the Court defer ruling on Smith's motion for summary judgment because she "cannot present facts essential to justify its opposition" is **DENIED.**

## V. CONCLUSION

For the reasons stated, it is **ORDERED** that Defendant Antonio Smith's Motion for Summary Judgment (Doc. 121) is **GRANTED,** and all claims asserted against Defendant Antonio Smith are, accordingly, **DISMISSED, with prejudice**.

**DONE** and **ORDERED** this the **26th** day of **June, 2026**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**